10-4571-ag
Singh v. Holder

BIA
A077 692 377

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

JOGA SINGH,
> *Petitioner,*

> v.                                              10-4571-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Nancy Naseem Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Joga Singh, a native and citizen of India, seeks review of an October 8, 2010 order of the BIA denying his motion to reopen. *In re Joga Singh*, No. A077 692 377 (B.I.A. Oct. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Singh's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (providing that this Court reviews the denial of reopening for abuse of discretion). A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened and only one such motion may be filed. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Singh's 2010 motion was untimely and number-barred, as it was his fifth such motion and the final administrative decision was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to

-2-

reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  Singh contends that he submitted material evidence of changed country circumstances to the BIA in the form of affidavits and country reports, including a 2008 United States Department of State report on India.  Specifically, he claims that human rights abuses by police in India support his claim that he would face persecution if he returned to India based upon his practice of the Sikh religion and involvement in the Akali Dal Mann political party.

Contrary to Singh's assertion, and, as the BIA reasonably concluded, the affidavits and country reports do not show material changed country circumstances in India.  Although Singh's brothers' affidavits both assert that they were arrested in 2009 and questioned about Singh's location, neither affidavit contains any information showing these arrests were motivated by any religious or political reason. In addition, a comparison of the United States Department of

-3-

State Country Reports for India in 2000 and 2008– the reports that were submitted to the Immigration Judge during Singh's removal proceedings, and with Singh's 2010 motion to reopen, respectively– do not show a material change in country conditions that would require reopening. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *see also Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (BIA 2007) (finding that "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Specifically, the reports and affidavits do not include evidence that the reported police abuse in India targets those who practice the Sikh religion or are involved in the Akali Dal Mann political party. Because the BIA reasonably concluded that Singh failed to show a change in circumstances in India relevant to his alleged fear of persecution, the BIA did not abuse its discretion in denying his motion as untimely and number-barred.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk